Filed 3/27/25  P. v. Simpson CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LEE SIMPSON,<br><br>Defendant and Appellant. | G063771<br><br>(Super. Ct. No. 00CF2782)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin

Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

*　　　*　　　*

THE COURT:[*]

Defendant Michael Lee Simpson appeals the trial court's denial of his petition to recall his sentence and resentence him, pursuant to Penal Code section 1172.75.[1] Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

There is a split of authority regarding whether a court must conduct a resentencing hearing pursuant to section 1172.75 when the invalidated prior prison term enhancements were imposed but stayed, as in defendant's case. Defendant argues we should follow *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*) and *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted August 14, 2024, S285853 (*Mayberry*), which interpreted section 1172.75 to apply to enhancements that were imposed but stayed. (*Christianson*, at p. 305; *Mayberry* at pp. 674–675.) The Attorney General urges us to follow *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), which concluded a defendant is only entitled to a resentencing hearing where the prison term enhancements were both imposed and executed. (*Id.* at pp. 44–45.)

---

[*]　Before O'Leary, P. J., Moore, J., Sanchez, J.

[1]　All further statutory references are to the Penal Code.

2

We agree with *Christianson's* and *Mayberry's* reasoning that section 1172.75 applies equally to stayed enhancements, and thus conclude defendant is entitled to a resentencing hearing. Accordingly, we reverse the postjudgment order and remand to the trial court with directions.

PROCEDURAL HISTORY

In 2002, a jury convicted defendant of two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 1 & 2); shooting at an occupied motor vehicle (§ 246; count 3); and possession of a firearm by a felon (former § 12021, subd. (a); count 4). The jury found true the allegations that defendant personally used a firearm in the commission of the assaults (§ 12022.5, subd. (a)). The trial court found true the allegations that defendant had two prior strike convictions (§ 667, subds. (d), (e)(2), 1170.12, subds. (b), (c)(2)(A)), two prior serious felony convictions (§ 667, subd. (a)(1)), and that he had served two prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced defendant to an indeterminate term of 80 years to life in state prison, consisting of consecutive sentences of 25 years to life and a consecutive 10-year term for the personal use of a firearm on each of counts 1 and 2, plus two consecutive 5-year terms for the prior serious felony convictions. The court imposed but stayed sentence on the section 667.5, subdivision (b) enhancements.

In 2023, defendant filed a petition for recall of sentence pursuant to section 1172.75 and declared in his petition that his "name and case number appear on the . . . list provided by the [Department of Corrections and Rehabilitation] to the Court, District Attorney, and Public Defender." The trial court declined to recall defendant's sentence "because all related enhancements were either stayed or stricken at time of sentencing." The trial court, relying on the reasoning in *Rhodius*, concluded, "[T]he ambiguous

3

[term] 'imposed' was shorthand for 'imposed and executed'" because section 1172.75, subdivision (d)(1), which requires the sentence to be lessened, would otherwise "not make sense . . . ."

DISCUSSION

I.

DEFENDANT IS ENTITLED TO A RESENTENCING HEARING

The sole issue presented on appeal is whether the trial court erred in interpreting section 1172.75 to preclude relief to defendants whose sentences include a prior prison term enhancement which was imposed and stayed. The Attorney General argues the court is not required under section 1172.75 to conduct a resentencing hearing because the stayed enhancements did not lead to an increase in defendant's term of punishment. Defendant contends the statute's use of the term "imposed" includes prior enhancements that were imposed but stayed. On our de novo review of this issue of statutory interpretation, we agree with defendant. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Several published opinions on this issue have concluded section 1172.75 applies to enhancements, like defendant's, which were imposed but stayed. (*Christianson, supra,* 97 Cal.App.5th at pp. 311–316, review granted; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 (*Renteria*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547 (*Saldana*).)

We find the analysis in *Christianson*, *Renteria*, and *Saldana* persuasive. As these cases have noted, a stayed term or enhancement may nevertheless have consequences for the defendant. (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted; *Renteria, supra*, 96 Cal.App.5th at pp. 1282–1283; *Saldana, supra,* 97 Cal.App.5th at p. 1278, review granted.)

4

Even a stayed enhancement carries the potential for an increased sentence in certain circumstances. (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.) Removal of the stayed enhancement therefore provides relief to the defendant by eliminating that potential, thus fulfilling the Legislature's intent that resentencing "'shall result in a lesser sentence than the one originally imposed . . . .'" (*Id.* at p. 310.)

For this reason, we disagree with *Rhodius's* contrary conclusion that section 1172.75 applies only in cases in which an enhancement under section 667.5, subdivision (b) was both imposed and executed. (*Rhodius, supra*, 97 Cal.App.5th at pp. 44–45.) We therefore decline the Attorney General's request to rely on *Rhodius*.

Accordingly, defendant is entitled to a resentencing hearing in accordance with section 1172.75.

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

5